IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARRYL A. MANN,                                                          PETITIONER

v.                                                               No. 3:08CV67-M-A

STATE OF MISSISSIPPI, ET AL.                                    RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Darryl A. Mann for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Mann has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the state's motion shall be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

The Petitioner, Darryl Mann, is in the custody of the Mississippi Department of Corrections and is currently housed at the Carroll/Montgomery County Regional Correctional Facility in Vaiden, Mississippi. He pled pleading guilty on January 31, 2005, in Pontotoc County, Mississippi, to two counts of Sexual Battery and one count of Fondling a Child. Mann was sentenced that day to serve thirty years in the custody of the Mississippi Department of Corrections, with eighteen years suspended and five years of post-release supervision for the first count of Sexual Battery – and to serve twelve years each for the second count of Sexual Battery and the Fondling count – with all sentences to run concurrently. Mann was also ordered to register with the Mississippi Sex Offender Registry, initiate no contact with the victim, pay $100.00 to the Crime Victim's Compensation Fund, pay a $1,000.00 fine and pay court costs.

Under statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. Mann filed a motion for post-conviction collateral relief in the Pontotoc County Circuit Court on May 22, 2008, which was pending at the time he filed the instant federal *habeas corpus* petition on June 12, 2008.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mann's judgment became final on March 2, 2005, thirty days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (tolling the one-year limitations period during the time a defendant could have appealed his sentence); *Acker v. State*,

797 So.2d 966 (Miss. 2001) (permitting a direct appeal of a guilty plea within thirty days when the issue on appeal is the legality of the sentence imposed). Thus, the one-year limitations period expired one year later on March 2, 2006. Mann did not seek state post-conviction relief during that year; as such, he does not benefit from statutory tolling under 28 U.S.C. § 2244 (d)(2).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 9, 2008, and the date it was received and stamped as "filed" in the district court on June 12, 2008. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 830 days after the March 2, 2006, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). As such, the instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of May, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**